DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Vicky Moyer, et al., ) | |
| ) | CASE NO. 5:04 CV 1190 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| Cargill, Inc., et al., ) | |
| ) | (Resolving Doc. Nos. 43 and 3) |
| Defendant(s). ) | |
| ) | |

Before the Court is the motion of defendant Cargill, Inc. to dismiss Count X of the Amended Complaint. (Doc. No. 43).[1] Plaintiff has filed her opposition (Doc. No. 46) and Cargill has filed a reply (Doc. No. 47). For the reasons set forth briefly herein, the motion is granted as to defendant Cargill.[2]

Cargill argues that it is entitled to have Count X dismissed because, as plaintiff's decedent's employer, it is immune from negligence claims for injuries arising out of the decedent's employment by Cargill. Plaintiff argues in response that this immunity is negated by the so-called "dual capacity doctrine" under which an employer "may be liable in tort to his own employee if he occupies, in addition to his capacity as an employer, a second capacity that confers on him obligations independent

---

[1] The same motion was filed with respect to the original complaint. (Doc. No. 3). That motion is denied as moot, for record purposes.

[2] Count X purports to assert a claim of negligence against both Cargill "and/or John Doe/Jane Doe 5 and 6[.]" As to the Doe defendants, the claim is not dismissed, leaving open the possibility that these defendants may yet be identified and served.

(5:04 CV 1190)

of those imposed on him as an employer." Huffman v. Smithkline Beecham Clinical Laboratories, Inc., 111 F.Supp. 2d 921, 925 (N.D. Ohio 2000) (citing Freese v. Consolidated Rail Corp., 4 Ohio St.3d 5, 7 (1983)). Plaintiff argues that it is premature to grant Cargill's motion because it is possible that the dual capacity doctrine may yet be established and, further, that she had no duty to plead this doctrine in Count X of the amended complaint. In reply, Cargill asserts that, although notice pleading might not require pleading the dual capacity *doctrine*, plaintiff would still be required to plead *facts* suggesting a relationship other than an employer-employee relationship between Cargill and plaintiff's decedent and that any such facts are lacking. In fact, Cargill argues, plaintiff affirmatively pleads that her decedent was injured while "acting in the scope of his employment" with Cargill. See, Am. Cmplt. ¶ 11, incorporated by reference into Count X.

The Court believes that Cargill has the better argument. Plaintiff has not attempted to further amend the complaint to add the requisite factual allegations and given paragraph 11 of the Amended Complaint, any such further amendment would be futile.

Accordingly, Cargill's motion to dismiss Count X is granted, but only as to Cargill.

IT IS SO ORDERED.

| May 2, 2005 | s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

2